Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
The parties submitted a Pre-Trial Agreement at the hearing before the Deputy Commissioner. The same along with its attachments is incorporated herein by reference. The following parts of the said agreement is set out as follows:
1. The parties are properly before the Industrial Commission, the Commission has jurisdiction of the parties and the subject matter, and the parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. At all relevant times herein, an employer-employee relationship existed between defendant-employer and plaintiff-employee.
3. Builders Mutual Insurance Company was the workers compensation carrier on risk at all relevant times herein.
4. Plaintiffs average weekly wages will be determined from a Form 22 Statement of Days Worked and Earnings of Injured Employee to be submitted by defendants.
5. Plaintiff has filed a Form 18 Notice of Accident to Employer and a Form 33 Request that Claim be Assigned for Hearing contending that he suffered a compensable neck injury on 1 May 1997. Defendants deny plaintiff has suffered a compensable neck injury.
6. The issues to be determined before the Deputy Commissioner were as follows:
 a. Whether plaintiff sustained an injury by accident to his back on or about 1 May 1997 while in the course and scope of his employment with defendant?
b. If so, to what benefits is he entitled to receive under the Act?
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was a forty-eight year old male at the time of the hearing before the Deputy Commissioner. Plaintiff began working for defendant-employer in May or June 1996 as a painter.
2. Plaintiff testified he injured his neck in either October or November 1996 when he and a co-worker were loading a refrigerator onto a truck. Plaintiff indicated that, as they were lifting the refrigerator over racks on the side of the truck, the co-worker lost his grip and the refrigerator fell on plaintiffs head, thus injuring his neck. Plaintiff testified that he completed an accident report and placed it in an in-box located on John Roberts desk in the warehouse. Defendants deny receiving a copy of the accident report. Plaintiff indicated that John Roberts was the warehouse foreman, but Mr. Roberts was a carpenter for defendant-employer and not the warehouse foreman, nor plaintiffs supervisor. Plaintiff did not seek any medical treatment following this incident.
3. Plaintiff sought and received medical treatment from Abbey Place Medical Center on 12 September 1996 and 7 March 1997. On 12 September 1996, plaintiff was complaining of pain over his left side and back for the past four days. On 7 March 1997, plaintiff was complaining of neck pain, right shoulder pain, and headaches. During the 7 March 1997 visit, plaintiff indicated that he had fallen off a ladder two years ago and dislocated a cervical disc in his neck. Plaintiff did not report a refrigerator falling on his head in October or November 1996.
4. Plaintiff indicated on his Form 18 Notice of Accident to Employer, on the Form 33 Request that Claim be Assigned for Hearing, and in his responses to defendants interrogatories that the refrigerator fell on his head on 1 May 1997.
5. Plaintiff was seen and treated at the Charlotte Neurosurgical Associates on or about 11 March 1997. Plaintiff indicated to Dr. Petty that a refrigerator had fallen on his head in November 1996.
6. Plaintiff worked with defendant-employer until 17 March 1997. Plaintiff had not reported an on the job-related injury to defendant-employer as of the last day of his employment. Plaintiff did go out of work subject to a disability, and he received short-term disability benefits for twenty-six weeks at the rate of $200.00 per week for a total amount of $5,200.00. The short-term disability insurance was fully funded by defendant-employer.
7. The greater weight of the evidence fails to prove that plaintiff sustained a back injury in October or November 1996 or on 1 May 1997 as the result of either a specific traumatic incident of the work assigned or an injury by accident arising out of and in the course of his employment.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer as a direct result of a specific traumatic incident of the assigned work. G.S. 97-2(6).
2. Plaintiff is not entitled to compensation benefits under the Act. G.S. 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation benefits under the Act is hereby DENIED.
2. Each side shall pay its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER
RCR:db